**\*\*NOT FOR PRINTED PUBLICATION\*\***

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| DORCAS A. PAYNE | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| | § | |
| V. | § | CASE  NO. 4:13cv381 |
| | § | Judge Clark/Judge Mazzant |
| BARRETT DAFFIN FRAPPIER | § | |
| TURNER & ENGEL, LLP, JP MORGAN | § | |
| CHASE BANK, NATIONAL | § | |
| ASSOCIATION, MCCARTHY | § | |
| HOLTHUS ACKERMAN, LLP, | § | |
| GREGORY SHANNON, JAMIE DIMON, | § | |
| FIRST SERVICE RESIDENTIAL | § | |
| REALTY, KEELY ANNE PORTER, | § | |
| SAFEGUARD PROPERTIES, U.S. | § | |
| DEPARTMENT OF HOUSING AND | § | |
| URBAN DEVELOPMENT, THE | § | |
| PROPERTY SHOP, JOE PETERSON | § | |
| AND KEVIN R. MCCARTHY | § | |
| | § | |
| | § | |
| *Defendants.* | § | |

## ORDER ADOPTING REPORT AND
## RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

Came on for consideration the reports of the United States Magistrate Judge in this

action, this matter having been heretofore referred to the United States Magistrate Judge pursuant

to 28 U.S.C. § 636.  On October 18, 2013, the report of the Magistrate Judge was entered

containing proposed findings of fact and recommendations that Defendant JPMorgan Chase

Bank, National Association's Motion to Dismiss Plaintiff's Complaint [Doc. #26], Defendant

Safeguard Properties, LLC's Motion to Dismiss for Failure to State a Claim Upon Which Relief

Can Be Granted [Doc. #27], and Barrett Daffin Frappier Turner & Engel, LLP and Gregory Shannon's Motion to Dismiss [Doc. #29] be granted [Doc. #47].  On November 27, 2013, the Magistrate Judge entered an amended report which only changed the objection language on page twelve [Doc. #49].  On December 18, 2013, Plaintiff filed a "Declaration of Motion by Defendants Void Due to Lack of Subject Matter Jurisdiction of Texas District Court" [Doc. #51].  On December 23, 2013,  Defendant JPMorgan Chase Bank filed a response [Doc. #52].  On January 17, 2014, Defendant First Service Residential Realty filed a response [Doc. #53].

Plaintiff Dorcas A. Payne ("Payne")  filed her *pro se* original complaint in this action against Defendants Barrett Daffin Frappier Turner & Engel, LLP ("Barrett"), JP Morgan Chase Bank, N.A. ("JPMC") and McCarthy Holthus & Ackerman, LLP.  Plaintiff asserted causes of action in her original complaint against these defendants for breach of contract, wrongful foreclosure, slander of title, criminal harassment and infliction of emotional distress arising out of a mortgage loan made to Payne secured by property located at 1100 Arthurs Court, Wylie, Texas 75098 (the "Property"). Payne filed an amended complaint adding Safeguard Properties, LLC ("Safeguard") as a defendant, as well as a number of other parties.

In the amended report, the Magistrate Judge recommended granting these motions to dismiss. The Magistrate Judge also found that there were no plausible claims against the newly added Defendants and recommend that they should be dismissed as well.

Plaintiff filed a document entitled "Declaration of Motion by Defendants Void Due to Lack of Subject Matter Jurisdiction of Texas District Court" [Doc. #51], which the clerk interpreted to be objections.  Plaintiff asserts that the automatic bankruptcy stay was violated when the foreclosure took place.  Plaintiff also asserts that this court does not have subject matter

jurisdiction over this action due to the pendency of racketeering claims against JPMC in a New York federal court.

Plaintiff's assertion that the court lacks jurisdiction over this case lacks any merit.  Even if such claims are pending in a New York federal court, Plaintiff does not explain how the New York action prevents this court from adjudicating Plaintiff's current claims in this action, all of which relate to real property located within the state of Texas.  In its response, JPMC asserts that it set forth the basis for the court's subject matter jurisdiction over the current claims in its Notice of Removal, and its assertions have not been controverted.  However, this case was not removed, but was filed by Plaintiff.  Plaintiff did assert federal claims in paragraphs 3.4, 3.5, 3.6, and 3.7 in relation to the wrongful foreclosure; thus, the court has federal jurisdiction over this case.

Plaintiff's only other objection goes to the wrongful foreclosure claim and asserts that JPMC foreclosed on the subject property during a bankruptcy stay.  This objection is merely a restatement of her prior allegation, which was thoroughly considered and rejected by the Magistrate Judge.  Plaintiff fails to specifically set forth an error made by the Magistrate Judge.  Plaintiff alleges that on November 6, 2012, Plaintiff filed under Chapter 13 of the United States Bankruptcy Code, in the Eastern District of Texas.  However, Plaintiff's bankruptcy case was dismissed as of December 22, 2012.[1]  Plaintiff alleges that on November 6, 2012, Barrett Daffin Frappier Turner & Engel, at the request of JPMC, sold the property at auction, which Plaintiff asserts was a violation of the automatic stay.  However, the foreclosure sale involving the

---

[1]  The court can take judicial notice of this fact, since the matter is referred to in the complaint.

property occurred on June 4, 2013.[2]

Plaintiff makes no objection to the recommended dismissal of the breach of contract claim, slander of title claim, Texas Penal Code claims, and emotional distress claims.  Plaintiff also does not object to the dismissal of the Defendants named in the Amended Complaint who have not appeared.

In addressing the motions, the Magistrate Judge considered Plaintiff's assertion that Defendants violated the bankruptcy stay.  The court has properly rejected this claim.  Plaintiff also asserts, as part of her wrongful foreclosure claim, that Defendants violated her due process and equal protection.  Plaintiff also asserts that Defendants violated 42 U.S.C. §§ 1981, 1982, 1983, 1985(2)(3), and 1986.  Plaintiff also asserts that Defendants participated in a civil conspiracy and violated RICO.  Although these claims were not addressed by Defendants or the Magistrate Judge, the court finds these claims lack any merit based upon the facts alleged.  Plaintiff has asserted no facts that would make these claims plausible.

Having received the report of the United States Magistrate Judge, and considering the objections thereto filed by plaintiff, this court is of the opinion that the findings and conclusions of the Magistrate Judge are correct and adopts the Magistrate Judge's report as the findings and conclusions of the court.

It is therefore **ORDERED** that Defendant JPMorgan Chase Bank, National Association's Motion to Dismiss Plaintiff's Complaint [Doc. #26], Defendant Safeguard Properties, LLC's Motion to Dismiss for Failure to State a Claim Upon Which Relief Can Be Granted [Doc. #27],

---

[2]  The Substitute Trustee's Deed was filed and recorded in Collin County on June 12, 2013, and establishes that the foreclosure occurred on June 4, 2013.  The court may take judicial notice of this public record and can properly consider it for purposes of Defendants' motions.

and Barrett Daffin Frappier Turner & Engel, LLP and Gregory Shannon's Motion to Dismiss [Doc. #29] is GRANTED and Plaintiff's case is **DISMISSED** with prejudice against JPMorgan Chase Bank, National Association, Safeguard Properties, LLC, Barrett Daffin Frappier Turner & Engel, LLP, and Gregory Shannon.

It is further **ORDERED** that McCarthy, Holthus & Ackerman, LLP,  Jamie Dimon, Keely Anne Porter, The Property Shop, and Joe Peterson have not appeared and are **DISMISSED**.

So **ORDERED** and **SIGNED** this **2**   day of **February, 2014.**

_____

Ron Clark, United States District Judge

5